UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 JUL 15 AM 11: 41
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

SUNIL G. SINGH, JOSE A. GARCIA, and
FELIX J. QUAST,

      CASE NO. A09CA 523SS

    Plaintiffs,

vs.

JADON NEWMAN, *et al*,

    Defendants.

## PLAINTIFFS' MOTION IN LIMINE

COMES NOW, Plaintiffs and, pursuant to the Court's scheduling order, files this motion in limine. Based on testimony, discussions and disclosures made during the lawsuit, Plaintiffs believe that the Defendants will attempt to introduce evidence that is irrelevant, more prejudicial than probative and confuse the jury and thus, pursuant to Fed. R. Civ. P., Rules 401, 402 and 403, Plaintiffs move this Honorable Court for an order prohibiting the following:

1.    Any argument, suggestion or testimony concerning other investments made by other investors whether successful or not and whether those other investors continued to invest with the Defendants;

    GRANTED: _____    DENIED: _____

2.    Any argument, suggestion or testimony tending to establish that Ben Williams is attending, or has attended, law school;

    GRANTED: _____    DENIED: _____

3.    Any argument, suggestion or testimony tending to suggest that the credit market, real estate market or global market in 2008 or 2009 has any bearing on the claims in this case, including the fraud that took place in 2006 and early 2007;

    GRANTED: _____    DENIED: _____

4. Any argument, suggestion or testimony tending to suggest that Defendant Newman did not have a fraud judgment entered against him (the Court may take judicial notice of the Bankruptcy Case 02-10110 FRM and the adversarial proceeding in Case 02-1059 FRM);

GRANTED: _____   DENIED: _____

5. Any argument, suggestion or testimony tending to suggest that Plaintiffs had a duty to prevent the fraud from being committed on them;

GRANTED: _____   DENIED: _____

6. Any argument, suggestion or testimony tending to suggest that Defendants had a right to rely on attorney's advice in providing the offering circulars to Plaintiffs and/or in making false statements or omitting material facts;

GRANTED: _____   DENIED: _____

7. Any argument, suggestion or testimony tending to relate to the subsequent offer by Singh to entered into Fund II, since such offer was never accepted and no meeting of the minds ever occurred regarding the terms of the agreement (this ground is subject to the Court's ruling on Plaintiffs' motion for partial summary judgment as to Defendants' claim for indemnification).

GRANTED: _____   DENIED: _____

8. Any reference to any pretrial filings or rulings of the Court in this case, including motions for summary judgment and motion to dismiss, as such information is irrelevant to the jury's determination of factual issues and would tend only to confuse issues and cause undue delay in the trial.

GRANTED: _____   DENIED: _____

9. Any settlement discussions or negotiations. FED. R. EVID. 408.

GRANTED: _____   DENIED: _____

10. Any reference to The "Golden Rule," or any similar suggestion that the jurors put

themselves in Plaintiffs place. TEX. R. CIV. P. 269(e).

        GRANTED: _____    DENIED: _____

11.    Any request for an agreement or stipulation from Defendants or their counsel in the presence of the jury. TEX. R. CIV. P. 269(f).

        GRANTED: _____    DENIED: _____

12.    Any documents or witness not properly disclosed in the Defendants' initial disclosures or in discovery requests.

        GRANTED: _____    DENIED: _____

13.    Any reference to the probable testimony of a witness who is absent, unavailable, or not called to testify in this case, as such evidence would be irrelevant and/or unfairly prejudicial.

        GRANTED: _____    DENIED: _____

14.    Any reference to, or mention of, Plaintiffs' failure to call any witness available equally to either party in this action.

        GRANTED: _____    DENIED: _____

15.    Any reference or evidence that is in support of defenses that have not been pled.

        GRANTED: _____    DENIED: _____

16.    Any attempt to enter the amended complaint into evidence before the jury.

        GRANTED: _____    DENIED: _____

17.    Any reference or evidence tending to relate to subsequent tax documents after the fraud occurred in 2006 and early 2007.

        GRANTED: _____    DENIED: _____

18.    Any reference to this Court's decision to dismiss certain claims in the original complaint.

        GRANTED: _____    DENIED: _____

19. Any use of or reference to any demonstrative evidence, graphics, slides, power point presentation unless and until Defendants' counsel have had an opportunity to examine such demonstrative evidence, and have had a chance to raise any objection to the admissibility or use of said items prior to any viewing by the jury.

GRANTED: _____   DENIED: _____

20. Any argument, testimony or reference what Defendant Newman will do if things do not work out for him or his efforts to continue forward in the face of this litigation or "fight this battle."

GRANTED: _____   DENIED: _____

21. Any argument, testimony or reference to how much Defendants have been harmed or lost because of the economic downturn or how much this lawsuit has costs them.

GRANTED: _____   DENIED: _____

22. Any argument, testimony or suggestion that Nobel Capital was actually created on any other date other than the date of its legal formation pursuant to the Articles of Organization filed with the Secretary of State.

GRANTED: _____   DENIED: _____

WHEREFORE, Plaintiffs respectfully request that the Court prohibit the Defendants from arguing, suggesting or presenting testimony of the matters stated herein and provide any other relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

_____
Brian P. Casey
Texas Bar Number 00793467
6836 Bee Caves, Suite 272
Austin, Texas 78746
Telephone 512.617.6409
Email: bcasey@caseylawtx.com

>Tony L. Stabenow, Esq.
>Florida Bar Number 000328
>300 South Biscayne Blvd., #1026
>Miami, Florida 33131
>Telephone 305.904.3777
>Email: Tony@StabenowLaw.com

>COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that this document was electronically filed on July 15, 2011 by hand delivery on Chris Johns and George Slade, counsel for Defendants.

_____
Brian P. Casey